UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**LIONEL RIVIERE,**

         **Petitioner,**

 vs.                  1:05-CV-0906

**UNITED STATES OF AMERICA,**

         **Respondent.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

**I. Introduction**

  Petitioner Lionel Riviere filed a motion pursuant to 28 U.S.C. § 2255 seeking to have his sentence and conviction vacated. Petitioner alleges: (1) the Court's failure to inform him that automatic deportation was a consequence of pleading guilty to an aggravated felony deprived him of his rights under both the Constitution and Fed. R. Crim. P. 11(b) and; (2) Defense counsel's failure to inform Petitioner of the automatic deportation constitutes the ineffective assistance of counsel. For the reasons stated below, this Court finds that an evidentiary hearing is required.

**II. Discussion**

  **A. Statute of Limitation**

  A one-year period of limitation applies to a motion filed under 28 U.S.C. § 2255. In this

1

case, the one year period runs from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. at sub. 4. Petitioner alleges that the one year statute of limitations began on October 5, 2004 when the Immigration and Nationalization Service arrested him for deportation. Sprotbery Affidavit ¶ 3. Alternatively, Petitioner argues that equitable tolling should permit the Court to review this case because of the extraordinary circumstances. Id. at ¶ 4. Equitable tolling requires proof of reasonable diligence and extraordinary circumstances. Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003). Respondent alleges that the motion is untimely because Petitioner was advised, on or before May 2, 2001 that deportation could occur and "had he acted with due diligence, [he] would have learned that it was a certainty."

Due diligence "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." LoCascio v. United States, 395 F.3d 51, 55 (2d Cir. 2005) (quoting Wims v. United States, 225 F.3d 186, 190 n. 4 (2d. Cir. 2000)). The question is when a duly diligent person in Petitioner's circumstances would have discovered that deportation is a certainty upon pleading guilty to an aggravated felony. This question is closely related to what Petitioner was advised at the time of the guilty plea. Petitioner alleges that defense counsel told him that "deportation was not certain, but it might be a possibility." Riviere Affidavit ¶ 2H. Respondent alleges that defense counsel informed Petitioner that "deportation was a possible consequence of his guilty plea and that defendant should consult with an immigration attorney in connection with the question of deportation." Whether Petitioner was told to consult with an immigration attorney for further advice significant in deciding the issue of due diligence. This Court finds that an evidentiary hearing is required to resolve this factual dispute and, thus, whether this motion is timely.

**B. Requirements under the Constitution and Fed. R. Crim. P. 11(b).**

Assuming this matter to be timely, Petitioner alleges that the Court's failure to inform him of the deportation consequences of the guilty plea violated his rights under both the Constitution and Fed. R. Crim. P. 11(b). The most recent Second Circuit case on point, on which Petitioner heavily relies, acknowledged its long held precedent that "the possibility of deportation based on a conviction was a 'collateral consequence' of a guilty plea, and that the court was not required to inform the defendant of such a possible consequence." United States v. Couto, 311 F.3d 179, 189 (2d Cir. 2002) (citing United States v. Parrino, 212 F.2d 919, 921 (2d Cir. 1954); United States v. Santelises, 476 F.2d 787, 789 (2d Cir. 1973)). Even though the Second Circuit found defendant's argument persuasive that deportation became a direct consequence following the amendment to the Immigration and Nationality Act in 1996, it did not overrule the precedent. Id. at 189-191. Subsequent decisions by the district courts in this Circuit have been unanimous in upholding the precedent that the court is not required to inform a defendant of the deportation consequences upon a guilty plea. See Salama v. United States, 2005 WL 1661830 (E.D.N.Y, 2005); Taylor v. United States, 2004 WL 1857574 (S.D.N.Y. 2004). Thus, the Court was not required to inform Petitioner of the deportation consequences. Accordingly, Petitioner was not denied any rights under either the Constitution or the laws of the United States.

**C. Ineffective Assistance of Counsel under the Sixth Amendment**

Petitioner also contends that he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney only notified him of deportation as a possibility, not an absolute consequence of the guilty plea. Petitioner's Memorandum of Law at 6. Petitioner cites

Couto in which the Second Circuit vacated and remanded the case based on a similar ineffective assistance of counsel claim.  311 F.3d at 191.

The test for a claim involving ineffective assistance of Counsel is set out in Strickland v. Washington, 466 U.S. 668, 697 (1984).  Under the Strickland test, a defendant is denied the effective assistance of counsel (1) if "counsel's representation fell below an objective standard of reasonableness," United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 57-58 (1985)), and (2) "the defendant [can] show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  Id.  The precedent is clear that an attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness.  Couto, 311 F.3d at 187.

The Second Circuit has held, however, that "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable."  Id. at 188.  In Couto, the defendant was informed by counsel that there were things that could be done to avoid deportation when, in fact, there were none.  Id. at 187.  In particular, defense counsel in Couto erroneously told the defendant that they "could deal with her immigration problem after the guilty plea, and [] there were many things that could be done to prevent her from being deported, including asking the judge for a letter recommending against deportation."  Id. at 183.

After the 1996 Amendment to the Immigration and Nationality Act, deportation after a guilty plea to an aggravated felony became a certainty, not a possibility.  In the instant case, Petitioner alleges that defense counsel told him that "deportation was not certain, but it might be a possibility."  Riviere Affidavit ¶ 2H.  Respondent alleges that defense counsel informed Petitioner that

4

"deportation was a possible consequence of his guilty plea and that defendant should consult with an immigration attorney in connection with the question of deportation." Respondent Memorandum of Law at 3. This presents a factual dispute as to what Petitioner was informed by his attorney and whether such information was an affirmative misrepresentation. This dispute must be resolved at a hearing.

Finally, Respondent alleges that Petitioner has not established prejudice, the second prong of the Strickland test, because Petitioner did not allege that he would not have entered a guilty plea if he had been advised of the certainty of deportation. Respondent Memorandum of Law at 5. However, Petitioner clearly states that "[Petitioner] would not have plead [sic] guilty if he knew of the immigration consequence." Petitioner Memorandum of Law at 9. Given that Petitioner came to the United States as a child, has never visited Haiti, may have sought advice from his attorney about the immigration consequences, and his family lives in New York, it seems reasonable to infer that Petitioner would not have pleaded guilty if he knew of the automatic deportation consequences. Accordingly, this Court finds that the second prong of the Strickland test has been met.

An evidentiary hearing is required to resolve the factual dispute regarding the content of defense counsel's advice on the deportation consequences of the guilty plea. The Clerk shall set an date for a hearing and inform both parties.

It is therefore

**ORDERED** that an evidentiary hearing is to be held on a date set by the Clerk.

**IT IS SO ORDERED.**

Dated: October 14, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

5